**IN THE UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**TAMPA DIVISION**

**CASE NO:**_____

**CRAIG BONNER**

        **Plaintiff**

**Vs.**

**RADIUS GLOBAL SOLUTIONS**

**AND**

**CACH, LLC**

**AND**

**DIRECT RECOVERY SERVICES, LLC**

        **Defendants**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, **Craig Bonner**, and sues the Defendants **Radius Global Solutions, CACH, LLC, and Direct Recovery Services LLC** for violations of the federal Fair Debt Collections Practices Act (FDCPA) and the Florida Consumer Collection Practices Act (FCCPA) and alleges as follows:

**NATURE OF ACTION**

1.This is a complaint for abusive debt collection practices in violation of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.59, et seq.

**PARTIES, JURISDICTION, AND VENUE PARTIES**

**PARTIES**

2. **Craig Bonner** is a natural person residing in Hillsborough County Florida, in the Middle District of Florida.

3. **Radius Global Solutions, LLC**, is a foreign limited liability company with its principal address being 7831 Glenroy Rd. Ste. 250, Edna, Minnesota, 55439.

4. **CACH, LLC** is a foreign limited liability company with its principal address being 6801 South Cimarron Road, Suite 424-H, Las Vegas, Nevada, 89113.

5. **Direct Recovery Services LLC** is a Minnesota Limited Liability Company with its principal executive office address at 629 7th Avenue, Suite 1, Two Harbors, Minnesota,55616.

**JURISDICTION**

6. Jurisdiction is proper in this Court because this is an action under the FDCPA, which is a federal statute and presents a federal question. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

**VENUE**

7.     Venue is proper because the Plaintiff resides in the Middle District of Florida, the Defendants do business in the state of Florida, Middle District of Florida, and the events complained of occurred in the Middle District of Florida.

**GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS.**

8.   The general facts constituting the Defendants abusive debt collections practices include, but are not limited, to the following:

9.     On or about December 14, 2009, a salesman for Tropic Guard Corporation came to the home of **Craig Bonner** and sold him shutters.

10.     Mr. Bonner signed the contract.  Payments were made upon receipt of the monthly bills.  When bills ceased coming Mr. Bonner believed the debt was paid.

11.     Mr. Bonner does not remember exactly when the bills ceased, but it was at least seven or more years ago.

12.     This was the last Mr. Bonner gave any thought to the matter until he received a letter dated June 25, 2019, from an entity called **Radius Global Solutions, LLC**, claiming a sum due in the amount of $2,225.87.

13.     The current creditor is listed as **CACH, LLC.** The original creditor is listed as GE Money Bank.

14.     Mr. Bonner had never heard of any of these entities.

15.     **Radius Global Solutions, LLC**, in its June 15, 2019 letter offered to settle the debt for $667.80.

16.     The June 25, 2019 letter stated at "The law limits how long you can be sued on a debt.  Because of the age of your debt, **CACH, LLC** cannot sue you for it, and **CACH, LLC** cannot report it to any credit reporting agency".

17.     The June 25, 2019 letter also states on the bottom of the letter: **Radius Global Solutions** is a collection agency.  We do not sue people and we cannot and will not sue you on any account placed with our office."

18.     But, in direct contradiction to what is on the front of the letter stating that **CACH, LLC** cannot sue you for it (the debt), further stating **CACH, LLC** cannot report it (the debt) to a credit reporting agency and that **Radius Global** does not sue people, and cannot and will not sue you on any account placed with our office, the letter goes on to tell Mr. Bonner the following which would lead the least sophisticated consumer to believe that in fact they would,  by saying:

"**Information We May Collect.**  The Resurgent Companies may collect the following personal information:

(1)     Information we may receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number and assets.

(2)     Information that you may give us through discussions with you, or that we may obtain through your transactions with us, such as your income and payment history,

(3)      Information that we may receive from consumer reporting agencies, such as your credit history, and

(4)     Information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings.  All of the personal information that we collect is referred to in this notice as "collection information."

19.     Believing the debt to have already been paid years ago, Mr. Bonner ignored the letter.

20.     On or about August 22, 2019, Mr. Bonner received a phone call from his son, Stephen Bonner, who called him. Stephen Bonner was upset. He said he (Stephen) had received a phone call from someone looking for a **Craig Bonner** about a "delinquency".  The individual left an address and phone number of 678-400-7897. They left no company name.

21.   Stephen Bonner expressed concern that his father (parents) were in financial difficulty and unable to pay their bills.

22.   Mr. Bonner, and his wife, were extremely embarrassed and upset.  They assured Stephen they were not in financial difficulty and not to worry.

23.    The Bonners then called Roland A. Rosello, their attorney, and informed him of the incident. He advised them not to answer the calls.

24.   The Bonners did not respond to the call to their son.

25. The Bonners then began to receive a series of messages on their home phone and on Mr. Bonner's personal cell phone.

26.   On or about August 22, 2019 they began to receive voicemails.

27.   In late November 2019 a message was left on their home  phone telling them they needed to take care of the matter (the alleged debt) and if they did not, they needed to be home "tomorrow" November 22,  between the hours of 3-5 because they (the debt collector) wanted to bring him "certified documents". They told him if he was not home they would have to deliver the certified documents to him at his place of employment.  They told him they would need to do this in front of his supervisor or head of security as a witness. He would need to have his driver's license and social security card for identification. He was given a phone

number to call and told he needed to make himself available. The caller identified herself as being from "**Direct Recovery Services**".

28.     On November 25, 2019, **Craig Bonner** received another voicemail that told him this was his final notice in regard to the delivery of his "certified documents".  They left a phone number and told Me. Bonner to call them. The caller identified herself as being from **Direct Recovery Services**.

29.     Mr. Bonner had received a phone call voice message on August 26, 2019 which told him he had a final chance for a voluntary resolution "before this becomes a larger problem".  They said they had his public record and they knew he was in a position to be able to call them.  Mr. Bonner was told, "If he, or his attorney, did not call them his record will be permanently affected as of Wednesday August 29.".  He was told he needed to contact them by August 28, 2019, to protect his "social (unintelligible)". He was told they knew their messages were not good news, but they had authority to "rescind the process by the end of business August 28." if he would contact them and make arrangements to pay.  The caller identified herself as being from **Direct Recovery Services**.

30. The exact relation amongst the Defendants is unknown, but will be determined upon further discovery.

31. The Defendants acted in concert with each other in attempting to collect the alleged debt from Mr. Bonner in violation of the FDCPA and/or FCCPA.

7

32. **Craig Bonner** is a natural person entitled to the protection of the FDCPA.

33. **Craig Bonner** is a natural person entitled to the protection of the FCCPA.

34. The debt sought to be collected is a consumer debt within the meaning of the FDCPA as it is a debt incurred, or alleged to have been incurred for an  obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.

35. The debt sought to be collected is a consumer debt within the meaning of the FCCPA as it is a debt incurred, or alleged to have incurred for  an obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes,

36. **Radius Global Solutions LLC** is a debt collector and subject to the FCCPA because it is a  person/or entity  who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

37. **Radius Global Solutions LLC** is a debt collector and subject to the FDCPA because it is a person/and or entity who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

38. **CACH LLC** is a debt collector and subject to the FCCPA because it is a person/or entity  who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

39. **CACH LLC** is a debt collector and subject to the FDCPA because it is a person/and or entity who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

40. **Direct Recovery Services, LLC** is a debt collector and subject to the FCCPA because it is a  person/or entity  who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

41. **Direct Recovery Services, LLC** is a debt collector and subject to the FDCPA because it is a person/and or entity who uses any instrumentality of interstate

commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

42.  That as a result of the actions of the Defendants Mr. Bonner has suffered actual damages in the form of anxiety and emotional distress.

43.  Mr. Boner is entitled to statutory damages as a result of the Defendants conduct in the amount of $1,000 for violations of the FDCPA.

44.  Mr. Boner is entitled to statutory damages as a result of the Defendants conduct in the amount of $1,000 for violations of the FCCPA.

45.  Mr. Bonner is entitled punitive damages within the discretion of the court for violations of the FCCPA.

46. Mr. Bonner is entitled to attorney fees.

47.  Mr. Bonner is entitled to his costs.

48.  Mr. Bonner is entitled to such other relief as justice may require.

## COUNT 1

## RADIUS GLOBAL SOLUTIONS, LLC

## AND

## CACH, LLC

## AND

## DIRECT RECOVERY SERVICES, LLC

## CONSPIRACY TO VIOLATE THE FDCPA

**THE AGREEMENT**

49.  **Radius Global Solutions, LLC, CACH, LLC**, and **Direct Recovery Services LLC,** combined, confederated, and conspired with each other, and with others currently unknown to **Craig Bonner** to form an agreement to do an unlawful act or to do a lawful act by unlawful means.

**THE UNLAWFUL ACT OR LAWFUL ACT BY UNLAWFUL MEANS**

50. The unlawful act, or a lawful act by unlawful means, was to collect a debt alleged to be owed by **Craig Bonner** by means prohibited by the FDCPA.

**THE OVERT ACTS**

51.  The overt acts in further of the conspiracy are set forth above.

**DAMAGES**

52. That as a result of the acts of the Defendants **Craig Bonner** suffered damages in the form of anxiety, worry, and emotional distress.

**Wherefore** the Mr. Bonner demands judgment for his damages in an amount to be determined by the jury and such other relief as the law and justice permit.

11

## COUNT 2

## RADIUS GLOBAL SOLUTIONS, LLC

## AND

## CACH, LLC

## AND

## DIRECT RECOVERY SERVICES

## CONSPIRACY TO VIOLATE THE FCCPA

**THE AGREEMENT**

53.     **Radius Global Solutions, LLC, CACH, LLC**, and **Direct Recovery Services LLC,** combined, confederated, and conspired with each other,  and with others currently unknown to the Plaintiff, **Craig Bonner**,  to form an agreement to do an unlawful act or to do an lawful act by unlawful means.

**THE UNLAWFUL ACT OR LAWFUL ACT BY UNLAWFUL MEANS**

54. The unlawful act, or a lawful act by unlawful means was to collect a debt alleged to be owed by **Craig Bonner** by using means prohibited by the FCCPA to collect said debt.

**THE OVERT ACTS**

56.  The overt acts in further of the conspiracy are set forth above.

**DAMAGES**

57. That as a result of the acts of the Defendants, **Craig Bonner** suffered damages in the form of anxiety, worry, and emotional distress.

**Wherefore** the Mr. Bonner demands judgment for his damages in an amount to be determined by the jury and such other relief as the law and justice permit.

### COUNT 3

### RADIUS GLOBAL SOLUTIONS LLC'S

### VIOLATION OF THE FDCPA

58.  **Radius Global Solutions, LLC's** conduct as alleged above violated the FDCPA in the following particulars.

59.  15 USC 1692d which states debt collectors may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

60.  15 USC 1692e. which prohibits false or misleading representations.

61.  15 USC 1692f which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

**Wherefore Craig Bonner** demands judgment as follows:

    a.    His actual damages in an amount to be determined by the Jury.

    b.    Statutory damages in the amount of $1,000.

    c.    An award of attorney fees.

    d.   An award of costs.

    e.   Such other relief as justice may require.

## COUNT 4

## RADIUS GLOBAL SOLUTIONS LLC'S

## VIOLATION OF THE FCCPA

62.  The conduct of **Radius Global Solutions LLC**, as set forth above, violated 559.72(7) in that the conduct demonstrated willful engagement in ... conduct which can reasonably be expected to abuse or harass the debtor.

63. The conduct of **Radius Global Solutions, LLC**  as set forth above violated 559.72(9)  was conduct claiming, attempting, or threatening to enforce a debt when **Radius Global Solutions, LLC** knew the debt is not legitimate, or asserted the existence of some other legal right when **Radius Group Solutions, LLC** knew the right did not exist.

64.  The conduct of **Radius Global Solutions, LLC**,  as set forth above violated 559.72(3),  through the actions of its co-conspirators, or any person employing her or him by  disclosing to another, orally or in writing, directly or indirectly,

information which  affected Mr. Bonner's  reputation for credit worthiness without also informing the debtor that the existence of the dispute will also be disclosed as required by subsection (6) in that the Defendants contacted Mr. Bonner's son, Stephen and disclosed the debt, and further threatened to serve Mr. Bonner "certified documents" in front of his supervisor and head of security  as "witnesses" at his place of employment if arrangements were not made to pay the debt.

65. The conduct of **Radius Global Solutions, LLC**,   as set forth above violated 559.72(4)  in that the **Radius Global Solutions, LLC** communicated or threaten to communicate with  Mr. Bonner's employer by threatening to serve "certified papers" in front of his employer and his employer's security head, and did so before obtaining final judgment against Mr. Bonner. Mr. Bonner had not given his permission in writing to contact his employer or acknowledged in writing the existence of the debt after the debt has been placed for collection.

66.  The conduct of **Radius Global Solutions, LLC**  as set forth above violated 559.72(5) in that **Radius Global Solutions, LLC,** directly,  or through a co-conspirator,  disclosed to a person (Stephen Bonner) other than the debtor (**Craig Bonner**) or her or his family, information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that Stephen Bonner does not have a legitimate business need for the information or that the information was false.

67.  The conduct of **Radius Global Solutions, LLC** as set forth above violated 559.72(8) in that **Radius Global Solutions, LLC** used willfully abusive language in communicating with the Plaintiff, **Craig Bonner** or any member of her or his family to collect the debt.

68. The conduct of **Radius Global Solutions, LLC**,  as set forth above violated 559.72 (10) in that **Radius Global Solutions, LLC**,  used a communication that gave  the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it was not.

69. The conduct of **Radius Global Solutions, LLC**,  as set forth above violated 559.72 (12) in that **Radius Global Solutions, LLC**, orally communicated with Mr. **Craig Bonner** in a manner that gave the false impression or appearance that such person is, or is associated with an attorney.

**Wherefore Craig Bonner** demands judgement against **Radius Global Solutions, LLC** for:

a.   Actual damages in an amount to be determined by the jury.

b.   Statutory damages of $1,000.

c.   Attorney fees.

d.   Costs of this action.

e.   Punitive damages.

f.   Such other relief as justice may require.

## COUNT 5

## CACH, LLC'S

## VIOLATION OF THE FDCPA

**CACH LLC'S** conduct as alleged above violated the FDCPA in the following particulars.

71.. 15 USC 1692d which states debt collectors may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72.  15 USC 1692e. which prohibits false or misleading representations.

73, 15 USC 1692f which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

**Wherefore Craig Bonner** demands judgment as follows:

a.   His actual damages in an amount to be determined by the Jury.

b.   Statutory damages in the amount of $1,000.

c.   An award of attorney fees.

d.   An award of costs.

e.   Such other relief as justice may require.

## COUNT 6

## CACH, LLC'S

## VIOLATION OF THE FCCPA

74.  The conduct of **CACH, LLC**, violated 559.72(7) in that the conduct described above is conduct demonstrating willful engagement in ... conduct which can reasonably be expected to abuse or harass the debtor.

75. The conduct of **CACH. LLC** as set forth above violated 559.72(9) in that the conduct claimed, attempted, or threatened to enforce a debt when such **CACH. LLC** knew the debt was not legitimate, or asserted the existence of some other legal right when **CACH, LLC** knew the right does not exist.

76.  The conduct of **CACH , LLC** as set forth above violated 559.72(3),  by telling Mr. Bonner, who disputed the alleged  consumer debt,  or any person employing her or him would disclose to another, orally or in writing, directly or indirectly, information affecting **Craig Bonner's**  reputation for credit worthiness without also informing **Craig Bonner** that the existence of the dispute would also be disclosed as required by subsection (6) in that the Defendants contacted Mr. Bonner's son, Stephen and disclosed the debt, and further threatened to serve Mr. Bonner "certified documents" in front of his supervisor and head of security as "witnesses" at his place of employment if arrangements were not made to pay the debt.

77. The conduct of **CACH  LLC**, as set forth above violated 559.72(4) in that **CACH, LLC** communicated or threaten to communicate with Mr. Bonner's employer by threatening to serve "certified papers" in front of his employer and did so  before obtaining final judgment against Mr. Bonner, and Mr. Bonner had not given  his permission in writing to contact his employer, or acknowledged in writing,  the existence of the debt after the debt has been placed for collection.

78. The conduct of **CACH , LLC**  as set forth above violated 559.72(5) in that **CACH, LLC**,  directly or through a co-conspirator disclosed to a person (Stephen Bonner),  other than the debtor (**Craig Bonner**) or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

79. The conduct of **CACH, LLC** as set forth above violated 559.72(8) in that **CACH, LLC**, used willful abusive language in communicating with the Plaintiff, **Craig Bonner** or any member of her or his family.

80. The conduct of **CACH, LLC**  as set forth above violated 559.72 (10) in that **CACH, LLC** used a communication that gave  the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it was not.

81. The conduct of **CACH, LLC** as set forth above violated 559.72 (12) in that **CACH, LLC** orally communicated with Mr. **Craig Bonner** in a manner that

gave the false impression or appearance that such person is or is associated with an attorney.

**Wherefore Craig Bonner** demands judgement against **CACH, LLC** for:

a.   Actual damages in an amount to be determined by the jury.

b.   Statutory damages of $1,000.00.

c.   Attorney fees.

d.   Costs of this action.

e.   Punitive damages.

f.   Such other relief as justice may require.

## COUNT 7

## DIRECT RECOVERY SERVICES, LLC

## VIOLATION OF THE FDCPA

.  **Direct Recovery Services, LLC's** conduct as alleged above violated the FDCPA in the following particulars.

82.  15 USC 1692d which states debt collectors may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

83.  15 USC 1692e. which prohibits false or misleading representations.

84. 15 USC 1692f which prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

**Wherefore Craig Bonner** demands judgment as follows

a. His actual damages in an amount to be determined by the Jury.

b. Statutory damages in the amount of $1,000.00.

c. An award of attorney fees.

d. An award of costs.

e. Such other relief as justice may require.

## COUNT 8

## DIRECT RECOVERY SERVICES, LLC'S

## VIOLATION OF THE FCCPA

85. The conduct of **Direct Recovery Services, LLC**, as set forth above violated 559.72(7)  is conduct demonstrating willful engagement in ... conduct which can reasonably be expected to abuse or harass the debtor.

86.  The conduct of **Direct Recovery Services  LLC**, as set forth above violated 559.72(9) in that  it was conduct claiming, attempting, or threatening to enforce a debt **Direct Recovery Services, LLC**,  knows that the debt is not legitimate, or asserts the

existence of some other legal right when  **Direct Recovery Services, LLC** knew  the right did not exist.

87.  The conduct of **Direct Recovery Services, LLC**,  as set forth above violated 559.72(3) directly, or through its co-conspirator by telling Mr. Bonner, who disputed the alleged consumer debt, or any person employing her or him, would disclose to another, orally or in writing, directly or indirectly, information affecting Mr. Bonner's  reputation for credit worthiness without also informing Mr. Bonner that the existence of the dispute will also be disclosed as required by subsection (6) in that the Defendants contacted Mr. Bonner's son, Stephen and disclosed the debt, and further threatened to serve Mr. Bonner "certified documents" in front of his supervisor and head of security as "witnesses" at his place of employment if arrangements were not made to pay the debt.

88. The conduct of  **Direct Recovery Services,  LLC**,   as set forth above violated 559.72(4) in that **Direct Recovery Services, LLC**, communicated or threatened to communicate with Mr. Bonner's employer by threatening to serve "certified papers" in front of his supervisor and security at his place of employment and did so  before obtaining final judgment against Mr. Bonner, and Mr. Bonner had  not given  his permission in writing to contact his employer,  or acknowledged in writing the existence of the debt,  after the debt has been placed for collection.

89. The conduct of **Direct Recovery Services , LLC**  as set forth above violated 559.72(5) in that **Direct Recovery Services, LLC**,  directly or through a co-conspirator, disclosed to a person (Stephen Bonner) other than the debtor (**Craig Bonner**) or her or

his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

90. The conduct of **Direct Recovery Services , LLC**, as set forth above violated 559.72(8) in that  **Direct Recovery Services, LLC** used  willful abusive language in communicating with  **Craig Bonner** or any member of her or his family.

91. The conduct of **Direct Recovery Services, LLC**, as set forth above, violated 559.72 (10) in that  **Direct Recovery Services, LLC** used a communication that gave  the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it was not.

92. The conduct of **Direct Recovery Services, LLC**,  as set forth above, violated 559.72 (12) in that  **Direct Recovery Services , LLC** orally communicate with Mr. **Craig Bonner** in a manner that gave the false impression or appearance that such person is, or is associated with, an attorney.

   **Wherefore Craig Bonner** demands judgement against **Direct Recovery Services, LLC** for:

a. Actual damages in an amount to be determined by the jury.

   b. Statutory damages of $1,000.00.

c. Attorney fees.

d. Costs of this action.

e. Punitive damages.

f. Such other relief as justice may require.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

/s/ Frederick W. Vollrath

Frederick W. Vollrath, Esquire

Post Office Box 18942

Tampa, Florida  33679

Tel: (813)335-4379

Email:  fredvollrath@aol.com

FBN:  165812

 And

/s/ Roland A. Rosello

Roland A. Rosello, Esquire

Post Office Box 4315

Tampa, Florida  33677

Tel:  (813)251-8079

Email:  roland@rolandarosello.com

FBN:  0175733

**Attorneys for Plaintiff**